## S. A. MCADAMS AND OTHERS *v.* THE STATE.

1. BAIL BOND.— It is not sufficient that a bail bond describe some offense against the laws of this State. It must describe the one of which the principal obligor stands charged.
2. SAME — CASE STATED.— The indictment charged the theft of certain cattle, the property of "J. P. and A. C." The bail bond described them as the property of J. P. *Held*, a fatal variance.

ERROR from the District Court of Denton. Tried below before the Hon. J. A. CARROLL.

The opinion discloses the case.

*Piner & Austin*, for plaintiffs in error.

*H. Chilton*, Assistant Attorney General, for the State.

WHITE, P. J.  "It is not sufficient that a bail bond named some offense known to the laws of the State.  The offense named in it must be the offense of which the principal obligor stands charged.  If it names a different one, the sureties may avail themselves of the variance."  *Smalley* v. *State*, 3 Texas Ct. App. 202, and authorities cited.

In the case before us the indictment described the offense as theft from the "possession of Jessee Parker and Andrew Crosier, of a certain cow of the value of ten dollars, a certain steer of the value of fifteen dollars, a certain heifer of the value of six dollars, and of the aggregate value of thirty-one dollars; the said cow and steer and heifer being then and there the personal property and neat cattle of them the said Jesse Parker and Andrew Crosier," etc.

The forfeited bail bond recited the offense as "theft of a certain cow, the property of Jesse Parker."  No part of the descriptive identity of the offense as stated in the indictment could on the trial have been dispensed with as surplusage.  *Warrington* v. *State*, 1 Texas Ct. App. 169.  Doubtless, however, the bail bond would have been sufficient had it described the offense as theft of cattle, the property of Jesse Parker and Andrew Crosier; for then there would have been no room for variance.  As it was, the variance between the bail bond and the indictment is fatal, and the judgment is reversed and cause remanded.

*Reversed and remanded.*